UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRABHJOT KAUR, | CASE NO. 2:25-cv-02472-LK |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss, which states that U.S. Citizenship and Immigration Services ("USCIS") approved Plaintiff Prabhjot Kaur's Form I-485 Application to Register Permanent Residence or Adjust Status on January 15, 2026. Dkt. No. 7 at 1–2. The Government notified Mr. Kaur on that date that his application had been approved. *See* Dkt. No. 8 at 1–2; Dkt. No. 8-1 at 2–5.

USCIS now moves to dismiss this case, arguing that Mr. Kaur's request to compel the agency to adjudicate his application is moot and no case or controversy remains. Dkt. No. 7 at 3; *see also* Dkt. No. 1 at 5 (prayer for relief asking the Court to "issue a writ of Mandamus,

ORDER GRANTING MOTION TO DISMISS - 1

compelling USCIS to make [a] decision on [his] i-485 application"). USCIS argues that because the case is now moot, the Court lacks subject matter jurisdiction. Dkt. No. 7 at 2–3. Mr. Kaur, who is proceeding pro se, has not responded to the motion, which the Court construes as an admission that the motion has merit. LCR 7(b)(2).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam). When there is no longer an ongoing case or controversy, the matter is moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "Federal courts lack jurisdiction to consider moot claims," *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009), and they must dismiss matters when subject matter jurisdiction is lacking, Fed. R. Civ. P. 12(h)(3). Here, Mr. Kaur has achieved the relief he sought, and he has not identified any further relief the Court can grant or any applicable exception to the mootness doctrine.

Accordingly, the Court GRANTS Defendants' motion to dismiss, Dkt. No. 7, and DISMISSES this matter.

Dated this 18th day of March, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 2